**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. | Ben Davis, an individual, | ) |
| 2. | Ghost Scene Investigations, LLC, a Nevada | ) |
| | Limited liability company, | ) |
| | Plaintiffs. | ) |
| | | ) |
| v. | | )        Case No. 10-CV-428-JHP-FHM |
| | | ) |
| 1. | Keith Engel, individually, | ) |
| 2. | MySpace, Inc., a Delaware Corp., | ) |
| | Defendants. | |

## COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. Sec. 101 et seq.).  Further, this is a civil action seeking damages and injunctive relief for the trademark laws of the United States (15 U.S.C. Sec. 1051 et seq.).

2. This Court has jurisdiction under 15 U.S.C. Sec 1121, 17 U.S.C. Sec 101 et seq, 28 U.S. C. 1331, and 28 U.S.C. Sec. 1338(a).

3. This Court has personal jurisdiction over the Defendants and venue is proper in this District under 28 U.S.C. 1391(b) and (c) and 28 U.S.C. Sec 1400, in that one of the Defendants resides in this District and the acts of infringement complained of herein originated in this District.

### PARTIES

4. Plaintiff, Ben Davis, is a resident of Williamson County, Texas.

5. Plaintiff, Ghost Scene Investigations, LLC, is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of the State of

Nevada, having a principal place of business at 3227 Meade Avenue, Ste 2B, Las Vegas, NV  89102.

6. Defendant, Keith Engel, is a resident of Tulsa County, Oklahoma.

7. Defendant, MySpace, Inc., is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 8391 Beverly Blvd., #349, Los Angeles, CA 90048.

## FIRST CLAIM FOR RELIEF - INFRINGEMENT OF COPYRIGHTS

8. Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

9. Plaintiffs are, and at all relevant times have been, the copyright owner or licensees of exclusive rights under United States copyright with respect to certain copyrighted materials, as shown in Exhibit A.

10. The Copyright registration number can be found on Exhibit A.

11. Among the exclusive rights granted to the Plaintiffs under the Copyright Act are the exclusive rights to reproduce the materials shown in Exhibit A and to distribute said materials to the public.

12. Plaintiffs are informed and believe that Defendants, without the permission or consent of Plaintiffs, have created derivative works from, reproduced, distributed and/or displayed the materials shown in Exhibit A in violation of Plaintiffs' exclusive rights under the Copyright Act.  In doing so, Defendants have violated Plaintiffs' exclusive rights under the Copyright Act.

13. The foregoing acts of infringement have been willful and intentional, in disregard of and indifference to the rights of the Plaintiffs.

14. As a result of Defendants' infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. Sec 504(c) for Defendants' infringement of the material shown in Exhibit A.  Plaintiffs further are entitled to attorneys' fees and costs pursuant to 17 U.S.C. Sec. 505.

15. The conduct of Defendants are causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have not adequate remedy at law. Pursuant to 17 U.S.C. Sec. 502 and 503, Plaintiffs is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiffs' copyright and order Defendants to destroy all uses of the materials listed in Exhibit A.

## SECOND CLAIM FOR RELIEF - CONTRIBUTORY AND INDUCED COPYRIGHT INFRINGEMENT

16. Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs.

17. Defendant, Myspace, Inc. is aware that its actions as described above infringed and continue to infringe Plaintiffs' copyright and exclusive rights to reproduce, display and distribute Plaintiffs' copyrighted materials.

18. By allowing Defendant, Keith Engel, to post a website which infringes on Plaintiffs' copyright, Defendant, MySpace, Inc. has induced, caused or materially contributed to the infringing conduct of Defendant, Keith Engel.

19. Based on belief and information, Plaintiffs alleges that inducement by Defendant, MySpace, Inc., of infringement of Plaintiffs' copyrights in the items listed in Exhibit A is, and continues to be, intentional, willful and in conscious disregard of Plaintiffs' rights.

20. Based on belief and information, Plaintiffs allege that Defendant, MySpace Inc., has realized profit by virtue of its inducement of infringement of Plaintiffs' copyright.

21. Plaintiffs have sustained economic damage as a result of inducement by Defendant MySpace of infringement of Plaintiffs' copyright in an amount to be proven at trial.

22. Plaintiffs are entitled to recover the actual damages it has suffered and/or any profits gained by Defendant, MySpace, Inc., that are attributable to its acts of copyright infringement pursuant to 17 U.S.C. § 504(b).  Alternatively, Plaintiffs is entitled to the maximum statutory damages allowed under 17 U.S.C. § 504(c) based on willful acts of copyright infringement by Defendant, MySpace, Inc.  Plaintiffs will make its election at the appropriate time before final judgment is rendered.

23. Pursuant to 17 U.S.C. § 502, Plaintiffs is entitled to an injunction against continuing reproduction, distribution and display of Plaintiffs's copyrighted materials by Defendant, MySpace, Inc.

24. Plaintiffs is further entitled to recover its full costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

### THIRD CLAIM FOR RELIEF -TRADEMARK INFRINGEMENT

25. Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs.

26. Plaintiffs own registered trademarks, copies of which are attached hereto as Exhibit B.

27. The Trademark Registration Number can be found on Exhibit B.

28. Plaintiffs never consented to Defendants' use of Plaintiffs' registered trademarks.

29. Prior to Defendants' first use of Plaintiffs' registered trademark, Defendants were aware of Plaintiffs' business and had either actual notice and knowledge, or constructive notice of Plaintiffs' ownership and registration of the registered trademarks.

30. Defendants' unauthorized use of Plaintiffs' trademark is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval and/or to cause confusion or mistake as to any affiliation, connection or association between Plaintiffs and Defendants, in violation of 15 U.S.C. Sec. 1114(a).

31. Based on belief and information, Plaintiffs allege that Defendants' infringement of Plaintiffs' trademark has been and continues to be intentional, willful and without regard to Plaintiffs' trademark rights.

32. Based on belief and information, Plaintiffs allege that Defendants have gained profits by virtue of their infringement of Plaintiffs' trademark.

33. Plaintiffs have also sustained damages as a direct and proximate result of Defendants' infringement of Plaintiffs' trademark in an amount to be proven at trial.

34. Plaintiffs will suffer and is suffering irreparable harm from Defendants' infringement of Plaintiffs' trademark insofar as Plaintiffs' invaluable good will is being eroded by Defendants' continuing infringement.  Plaintiffs has no adequate remedy at law to compensate it for the loss of business, reputation, customers, market position, confusion of potential customers and good will flowing from Defendants' infringing activities.  Pursuant to 15 U.S.C. Sec. 1116, Plaintiffs are entitled to an injunction

against Defendants' continuing infringement of Plaintiffs' trademark.  Unless enjoined, Defendants will continue their infringing conduct.

35. Because of Defendants' actions have been committed with intent to damage Plaintiffs and to confuse and deceive the public, Plaintiffs are entitled to treble its actual damages or Defendants' profits, whichever is greater, and to an award of costs, and this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. Sec. 1117(a) and 1117(b).  Alternatively, Plaintiffs are entitled to the maximum statutory damages allowed under 15 U.S.C. Sec. 1117(c).  Plaintiffs will make its election at the appropriate time before final judgment.

### FOURTH CLAIM FOR RELIEF - TRADEMARK DILUTION

36. Plaintiffs incorporate herein by reference each and every allegation of the preceding paragraphs.

37. Plaintiffs possess exclusive trademarks rights over those items are attached hereto as Exhibit B.

38. The Trademark Registration Number can be found on Exhibit B.

39. By Defendants' conduct, Defendants have diluted Plaintiffs' mark in violation of 15 U.S.C. Sec. 1125(c).

40. Pursuant to 15 U.S.C. Sec 1116, Plaintiffs are entitled to an injunction against Defendants' continuing infringement of Plaintiffs' trademark.

41. Because Defendants' actions have been committed with intent to damage Plaintiffs and to confuse and deceive the public, Plaintiffs are entitled to treble its actual damages or Defendants' profits, whichever is greater, and to an award of costs, and this being an exceptional case, reasonable attorneys' fees to 15 U.S.C. Sec. 1117(a) and 1117(b).  Alternatively, Plaintiffs are entitled to the maximum statutory damages

6

allowed under 15 U.S.C. Sec. 1117(c).  Plaintiffs will make that election at the appropriate time before final judgment.

## PRAYER FOR RELIEF

Wherefore, in consideration of the foregoing, Plaintiffs prays for judgment as follows:

1. Awarding Plaintiffs statutory damages for each infringement of each copyrighted items listed in Exhibit A pursuant to 17 U.S.C. Sec. 504;

2. Awarding Plaintiffs a preliminary and/or permanent injunction against Defendants prohibiting Defendants from further infringing Plaintiffs' copyrights;

3. Awarding Plaintiffs statutory damages for the contributory infringement of each copyrighted items listed in Exhibit A pursuant to 17 U.S.C. Sec. 504 by Defendant, MySpace, Inc.;

4. Awarding Plaintiffs a preliminary and/or permanent injunction against Defendant, MySpace, Inc., prohibiting Defendant, MySpace Inc., from further contributing to the infringement of Plaintiffs' copyright;

5. Awarding Plaintiffs actual and statutory damages for trademark infringement and/or dilution as determined at trial;

6. Awarding Plaintiffs treble damages for Defendants' willful acts;

7. Awarding Plaintiffs a preliminary and/or permanent injunction against Defendants prohibiting Defendants from further infringing and/or dilution of Plaintiffs' trademark;

8. Awarding Plaintiffs its reasonable attorneys' fees and costs; and

9.   Awarding Plaintiffs such other relief as the Court deems appropriate.

Done this 30th day of June 2010.

/s/Robert C. Newark, III
Robert C. Newark, III
Newark Law Firm, PLLC
P.O. Box 10633
Oklahoma City, OK  73140
Telephone No. (405)819-6128
Fax No. - (405)622-3863
Attorney for Plaintiffs

**JURY TRIAL DEMANDED**